IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FIVESTAR GOURMET FOODS, INC. and DIRECT PACK, INC.<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>HUXTABLE'S KITCHEN, **INC.** and EASYPAK, LLC<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　C.A. No.<br>)<br>)　**DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiffs FiveStar Gourmet Foods, Inc. ("FiveStar") and Direct Pack, Inc. ("Direct Pack") for their Complaint against Defendants allege as follows:

1.　Plaintiff FiveStar is a corporation organized under the laws of the state of California, with its principal place of business at 3880 E. Ebony Street, Ontario CA 91761.

2.　Plaintiff Direct Pack is a corporation organized under the laws of the state of Delaware, with its principal place of business at 1025 W. 8th Street Azusa, CA 91702.

3.　On information and belief, Defendant Huxtable's Kitchen, Inc. ("Huxtable's") is a corporation organized under the laws of the State of Delaware, having a place of business at 2100 E. 49th Street, Vernon CA 90058.

4.　On information and belief, Defendant EasyPak, LLC ("EasyPak") is a corporation organized under the laws of the State of Massachusetts, having a place of business at 24 Jytek Drive, Leominister MA 01453.

5.　This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

01:16083307.1

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

7. On information and belief, this Court has personal jurisdiction over Defendant Huxtable's, since Huxtable's resides in this District.

8. This Court has personal jurisdiction over Defendant EasyPak, since on information and belief, EasyPak does business in this District.

## COUNT I – DESIGN PATENT INFRINGEMENT

9. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-8 above, as if set forth verbatim herein.

10. Plaintiffs FiveStar and Direct Pack are co-owners of U.S. Design Pat. No. 698,665 entitled "Tray," which issued on February 4, 2014 (the "'665 patent"). A copy of the '665 patent is attached as Exhibit 1 hereto.

11. On information and belief, Defendant Huxtable's has sold or exposed for sale trays to which the patented design, or a colorable imitation thereof, has been applied, and has thereby infringed the '665 patent by offering for sale and selling pre-packaged salad products, particularly the "Roasted Butternut Squash & Spring Mix Salad" products shown in Exhibit 2 hereto, which contains a tray falling within the claim of the '665 patent.

12. On information and belief, Defendant EasyPak has applied the patented design, or a colorable imitation thereof, to trays for the purpose of sale, and has thereby infringed the '665 patent by manufacturing trays falling within the claim of the '665 patent, and selling such trays to Huxtable's for use in Huxtable's pre-packaged salad products.

13. With the filing of this Complaint, FiveStar and Direct Pack have given Huxtable's and EasyPak written notice of the infringements.

14. FiveStar and Direct Pack have been, and continue to be, damaged by such

infringement of the '665 patent.

## COUNT II – TRADE DRESS INFRINGEMENT

15. Plaintiff FiveStar realleges and incorporates by reference the allegations set forth in paragraphs 1-14 above, as if set forth verbatim herein.

16. FiveStar sells a line of high quality pre-packaged fresh salad products ("FiveStar Products"). Examples of such products and their packaging are shown in Exhibits 3- 8 hereto.

17. In connection with its FiveStar Products line, Plaintiff FiveStar has developed a trade dress which is essential to its business and to customers' identification of FiveStar as the source of the products.

18. FiveStar has made a substantial investment in the development of the consistent appearance of its FiveStar Products and product packaging to create what has become distinctive indicia of FiveStar as the source of the FiveStar Products.

19. The distinctive FiveStar Products and their packaging design constitute protectable trade dress. On information and belief, this trade dress in not only inherently distinctive, but has also established secondary meaning in the marketplace such that customers have come to associate it with FiveStar.

20. The distinctive non-functional appearance of FiveStar's protectable and trade dress includes at least the following elements:

   a. A transparent plastic bowl containing salad ingredients, particularly lettuce or other greens;

   b. A companion transparent plastic tray containing a central receptacle and several arcuate segmental receptacles positioned circumferentially around the central receptacle, each of the receptacles containing various colorful salad toppings;

c. An elongated generally rectangular paperboard overwrap or sleeve enclosing the bowl and tray in a side-by-side relationship, the overwrap or sleeve having curved side edges and tabs projecting from the top and bottom edges of the front face;

d. A transparent opening on one side of the top face of the overwrap or sleeve bisected by an opaque strip forming part of the overwrap or sleeve, so as to form two transparent windows through which at least some of the contents of the tray are visible through the windows;

e. A photograph on the opposite side of the top face of the overwrap or sleeve depicting a serving suggestion for the salad with the contents of the bowl and tray combined.

21. On information and belief, Defendant Huxtable's has offered for sale and sold a pre-packaged "Roasted Butternut Squash & Spring Mix Salad" product, as exemplified in Exhibit 2 hereto.

22. On information and belief, Plaintiff FiveStar's and Defendant Huxtable's pre-packaged salad products would appeal to, and are directed to, the same class of consumers, and are displayed at the retail level in close proximity to each other.

23. On information and belief, Defendant Huxtable's infringing products have caused, and are likely to continue causing, consumer confusion or mistake by falsely suggesting that Defendant Huxtable's infringing products are connected with, sponsored by, affiliated with, approved by, or related to Plaintiff FiveStar.

24. Defendant Huxtable's sale of infringing products constitutes trade dress infringement in violation of 15 U.S.C. §1125(a).

25. Upon information and belief, Defendant Huxtable's infringing activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and

01:16083307.1

4

other damage to FiveStar's business reputation and to the goodwill associated with Plaintiff FiveStar's trade dress, including but not limited to diversion of customers, lost sales and lost profits. Plaintiff FiveStar has no adequate remedy at law.

### COUNT III – FEDERAL UNFAIR COMPETITION

26. Plaintiff FiveStar realleges and incorporates by reference the allegations set forth in paragraphs 1-25 above, as if set forth verbatim herein.

27. Defendant Huxtable's use of a copy, variation, simulation or colorable imitation of the Plaintiff FiveStar's trade dress in connection with its sale of competing pre-packaged salad products constitutes a false designation of origin, a false description and representation of Defendant Huxtable's goods and a false representation that Defendant Huxtable's products are sponsored, endorsed, licensed, authorized, or affiliated or connected with Plaintiff FiveStar.

28. Defendant Huxtable's acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

29. Defendant Huxtable's conduct has caused, and will continue to cause, irreparable injury to Plaintiff FiveStar unless enjoined by this Court. Plaintiff FiveStar has no adequate remedy at law.

### COUNT IV - COMMON LAW UNFAIR COMPETITION

30. Plaintiff FiveStar realleges and incorporates by reference the allegations set forth in paragraphs 1-29 above, as if set forth verbatim herein.

31. Upon information and belief, Defendant Huxtable's was aware of the FiveStar Products and Plaintiff FiveStar's prior use of the FiveStar Products trade dress, and adopted and used its infringing packaging layout in disregard of Plaintiff FiveStar's prior use, rights and reputation.

32. Upon information and belief, Defendant Huxtable's had access to the FiveStar Products packaging design that Defendant Huxtable's misappropriated from Plaintiff FiveStar.

33. Upon information and belief, Defendant Huxtable's infringing use of Plaintiff FiveStar's packaging design has resulted in the misappropriation of, and trading upon, Plaintiff FiveStar's goodwill and business reputation at the expense of Plaintiff FiveStar, and without any expense to Defendant Huxtable's. The effect of Defendant Huxtable's misappropriation of the goodwill symbolized by the Plaintiff FiveStar's packaging design is to unjustly enrich Defendant Huxtable's, damage Plaintiff FiveStar, and confuse and/or deceive the public.

34. Defendant Huxtable's conduct constituted, and continues to constitute, unfair competition with Plaintiff FiveStar, and has caused, and will continue to cause, irreparable injury to Plaintiff FiveStar's goodwill and reputation unless enjoined by this Court. Plaintiff Five Star has no adequate remedy at law.

**COUNT VI - DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT**

35. Plaintiff FiveStar realleges and incorporates by reference the allegations set forth in paragraphs 1-34 above, as if set forth verbatim herein.

36. Defendant Huxtable's use of a copy, variation, simulation or colorable imitation of Plaintiff FiveStar's package design in connection with its sale of competing pre-packaged salad products constitutes a deceptive trade practice by creating a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendant Huxtable's goods and/or services, or by creating a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff FiveStar.

37. Defendant Huxtable's acts are in violation of Delaware's Uniform Deceptive Trade Practices Act, 6 Del. C. §2531 et seq.

38. As a consequence of the foregoing, Plaintiff FiveStar has suffered and will continue to suffer irreparable harm and loss.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs FiveStar and Direct Pack respectfully request relief and judgment as follows:

1. Temporarily, preliminarily, and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from infringing the '665 Patent;

2. Award Plaintiffs FiveStar and Direct Pack their actual damages in an amount to be proved at trial and/or as otherwise provided by law as a result of the infringement of the '665 patent;

3. Award Plaintiffs FiveStar and Direct Pack the total profit realized by Defendants as a result of the infringement of the '665 patent.

WHEREFORE, Plaintiff FiveStar respectfully requests relief and judgment as follows:

1. Temporarily, preliminarily, and permanently enjoining Defendant Huxtable's, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant Huxtable's from:

    a. imitating, copying, duplicating or otherwise making any use of Plaintiff FiveStar's trade dress or any trade dress confusingly similar to, or likely to dilute the distinctiveness of FiveStar's trade dress in any manner;

    b. further using Plaintiff FiveStar's trade dress or confusingly similar variations thereof, in any manner or form on or in connection with any business or products, or in the marketing, advertising or promotion of the same.;

    c. making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendant Huxtable's pre-packaged salad products are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff FiveStar;

    d. using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any product or advertised, promoted, offered or sold by Defendant Huxtable's is sponsored, endorsed, connected with, approved or authorized by Plaintiff FiveStar;

    e. causing likelihood of confusion or injury to Plaintiff FiveStar's business reputation and to the distinctiveness of Plaintiff FiveStar's trade dress by any unauthorized use of the same;

    f. engaging in any activity constituting unfair competition, with Plaintiff Five Star's rights, or to use, or to exploit the same;

    g. assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs (a)-(f) above;

2. Finding that Defendant Huxtable's has engaged in trade dress infringement and unfair competition in violation of the laws of the United States;

3. Finding that Defendant Huxtable's has engaged in unfair competition in violation of Delaware common law and Delaware's Uniform Deceptive Trade Practices Act;

4. That judgment be entered for Plaintiffs on all Counts of the Complaint;

5. Award Plaintiff Five Star actual damages in an amount to be proved at trial and/or as otherwise provided by law for Defendant Huxtable's trade dress infringement, unfair competition and violation of the Delaware Deceptive Trade Practices Act;

6. Award Plaintiff Five Star Defendant Huxtable's profits associated with its trade dress infringement, unfair competition and violation of the Delaware Deceptive Trade Practices Act;

WHEREFORE, Plaintiffs FiveStar and Direct Pack further respectfully request relief and judgment as follows:

1. Award Plaintiffs prejudgment interest;

2. Award Plaintiffs the costs of suit incurred herein; and

3. Award such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues so triable.

Dated:  October 1, 2014

OF COUNSEL:

FROST BROWN TODD LLC
David E. Schmit (to be admitted pro hac vice)
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
(513) 651-6800
dschmit@fbtlaw.com

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ James M. Lennon*
James M. Lennon (No. 4570)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jlennon@ycst.com

*Attorneys for Plaintiffs*

01:16083307.1